UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMILIO HABIB MOUAZEB, *et al.*,

                      Plaintiffs,

           -v-

VITALY FARGESEN, *et al.*,

                      Defendants.

21-CV-9226 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    On November 8, 2021, Plaintiff Emilio Habib Mouazeb commenced this civil securities fraud action against Defendants Vitaly Fargesen, Igor Palatnik, and Canafarma Hemp Products Corp. (ECF No. 1.)[1] On February 24, 2022, Plaintiff Standmill S.R.O. ("Standmill") commenced the related action, No. 22-CV-1537 (JPO) against the same defendants. (No. 22-CV-1537, ECF No. 1.) On October 13, 2022, the Court granted the parties' joint motion to consolidate both cases, under No. 21-CV-9226. (ECF No. 828.) On February 1, 2023, the Court granted the Government's motions to intervene and to stay discovery pending the resolution of the related criminal case *United States v. Vitaly Fargesen and Igor Palatnik*, 21-CR-602 (LAP). (ECF No. 840.) On April 1, 2024, the Court directed the parties to file a joint status letter by June 28, 2024. (ECF No. 842.) Instead, on June 28, 2024, Plaintiffs' attorneys Christopher D. Warren and Stephen Reich moved to withdraw as counsel in the case, citing "irreconcilable differences" between them and their clients and informing the Court that "Plaintiffs have not been responsive to [Warren's and Reich's] communications." (ECF No. 843.) The Court granted the motion for withdrawal on July 8, 2024, informing Standmill that, as an entity, it could not proceed *pro se*, and directing both parties to appear within thirty days or the case

---

[1] Unless otherwise indicated, citations to the ECF record are to No. 21-CV-9226 (JPO).

would be dismissed for failure to prosecute. (ECF No. 844.) Five calendar days have passed since that appearance was due.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with the rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). It is settled that Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). Dismissal without prejudice is appropriate here. Plaintiffs were "given notice that further delay would result in dismissal," *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004), and there is prejudice where Plaintiffs have caused an "unreasonable delay." *Lesane*, 239 F.3d at 210. Dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *Id.* at 209.

Accordingly, this action is dismissed without prejudice.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: August 13, 2024
  New York, New York

_____
J. PAUL OETKEN
United States District Judge